IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FENNA LIFE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLENE BEATTY,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:18-cv-2179-AT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Charlene Beatty's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state court action to this Court. [Doc. 1.] After considering Beatty's application, I find that she meets the requirements for IFP status and **GRANT** her request to proceed IFP pursuant to 28 U.S.C. § 1915(a). Nevertheless, this Court does not have subject matter jurisdiction over the removal action. I therefore **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of DeKalb County.

In September 2017, Beatty attempted to remove to this Court a state dispossessory action filed against her by Plaintiff Fenna Life, LLC ("Fenna Life").

[*See* N.D. Ga. Civil Docket No. 1:17-cv-3331, Fenna Life LLC v. Charlene Beatty ("2017 Fenna Life Case").] The Court granted Beatty's motion for leave to proceed IFP but remanded the removal action for lack of subject matter jurisdiction because the dispossessory complaint contained no federal claim. [*Id.*, Doc. 3 at 1-3; *id.*, Doc. 5.] Further, the Court determined, Beatty could not rely on diversity jurisdiction, even assuming the parties were diverse. [*Id.*, Doc. 3 at 3.] As a Georgia citizen, Beatty could not remove a Georgia state court case to federal court relying solely on diversity jurisdiction, and the underlying complaint did not satisfy the amount-in-controversy requirement for diversity actions in 28 U.S.C. § 1332(a). [*Id.*, Doc. 3 at 3-4.]

In the instant case, Beatty has filed virtually the same notice of removal and motion to stay eviction that she filed in the 2017 Fenna Life case. [*Compare* Docs 1-1, 1-2, *with* 2017 Fenna Life Case, Doc. 2.] To the extent that she is again trying to remove that dispossessory case to federal court, the Court lacks jurisdiction over the removal action for the reasons explained in the 2017 case. [*See* 2017 Fenna Life Case, Docs. 3, 4.]

The complaint attached to Beatty's notice of removal, however, is not the complaint from her state dispossessory case. The instant complaint, also filed by

2

Fenna Life, asserts a claim for back rent that Beatty allegedly owed pursuant to an order of the state Superior Court ordering her to pay rent into the court registry while she was appealing her dispossessory case. [Doc. 1-1 at 4.] Fenna Life alleges that Beatty failed to pay rent as ordered between December 2017 and April 2018 and that she therefore owed $10,000 in back rent. Fenna Life also demands $1,250 each month in current rent. [*Id.*] Thus, it appears that Beatty is now attempting to remove a state action for damages to this Court.

As with her previous case, the Court lacks subject matter jurisdiction over the removal action. There is no federal question jurisdiction because the complaint for damages contains no federal claim. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).

As to diversity jurisdiction, Beatty still appears to be a Georgia citizen, and she therefore cannot remove a case filed in a state court in Georgia to federal court relying solely on diversity jurisdiction. 28 U.S.C. § 1441(b)(2). Fenna Life's claim

for damages of $10,000 is also well below the jurisdictional amount-in-controversy requirement in § 1332(a).

In sum, the Court **GRANTS** Beatty's application for leave to proceed IFP. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of DeKalb County.

IT IS SO ORDERED AND RECOMMENDED this 21st day of May, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge